UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

EFREN REYES-CASTRO,
SEBASTIAN GUZMAN-MENDEZ,
RODOLFO NUNEZ, ALEJANDRO
REYES-CASTRO, TEOFILO R.
VELASQUEZ CRISOTOMO and all
similarly situated individuals,

    Plaintiffs,

v.

IMPACT LANDSCAPING &
IRRIGATION, LLC

    Defendant.

CASE NO. 2:12-cv-14429-JEM

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENTS AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiffs EFREN REYES-CASTRO, SEBASTIAN GUZMAN-MENDEZ, RODOLFO NUNEZ, ALEJANDRO REYES-CASTRO, TEOFILO R. VELASQUEZ CRISOTOMO (collectively "Plaintiffs") and Defendant IMPACT LANDSCAPING & IRRIGATION, LLC, ("Defendant"), notify the Court that the above styled case has been settled contingent upon approval of said settlements by this Court. The Parties request that the Court approve the Parties' proposed settlements of Plaintiffs' claims and enter an Order approving said settlements and dismissing this action with prejudice. The Parties premise this motion on the following grounds:

I.   **STATEMENT OF FACTS**

1.   On December 3, 2012, Plaintiffs filed a civil action in the United States District Court for the Southern District of Florida, Fort Pierce Division entitled *Efren Reyes-Castro, Sebastian Guzman-Mendez, Rodolfo Nunez, Alejandro Reyes-Castro, Teofilo R. Velasquez Crisotomo,* Case No**.** 2:12-cv-14429-JEM.  (*See* Document 1).

2.   Plaintiffs' Complaint alleges that Defendant violated the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA").  (*See id.*).

3.   Defendant disputes Plaintiffs' claims in this action.

4.   The Parties have agreed to fully and completely resolve this matter.

5.   The Parties agree that the terms of their settlements constitute a fair and reasonable resolution of Plaintiffs' claims in this matter.

6.   Written Settlement Agreements have been prepared that memorialize the terms of the Parties' settlements.[1]  In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby jointly seek the Court's approval of the settlements reached in this matter.  A copy of the Settlement Agreements are attached as Composite Exhibit A.

7.   To date, although Plaintiff Sebastian Guzman-Mendez agreed to settlement, he has not executed his agreement.

---

[1] Despite Plaintiff Sebastian Guzman-Mendez agreeing to Settlement, he has not executed his agreement.

8. Provided that the Court approves the terms of the Settlement Agreements, the Parties further move the Court to enter an Order granting the instant Motion to Approve Settlement Agreements and dismissing Plaintiffs' claims *with prejudice*.

## II.     ARGUMENT

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for back wages and other damages arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor.  *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor).  To approve the settlements, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.*

The Parties dispute whether any liability exists in the instant action. Nonetheless, they have agreed to settle the claims made in this dispute through the execution of Settlement Agreements.  The Parties represent that, in accordance with the terms of the Settlement Agreements, Plaintiffs are receiving a reasonable and satisfactory recovery of an agreed upon sum, inclusive of attorneys' fees.

The terms of the Parties' Settlement Agreements require approval by the Court. Thus, the Parties respectfully request that the Court review and approve the settlements and issue an Order dismissing this action with prejudice as to all of Plaintiffs' claims, but retaining jurisdiction, as necessary, to enforce the Settlement Agreements entered into by the Parties.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the Settlement Agreements entered into by the Parties to the instant action and dismissing this case, with prejudice, but retaining jurisdiction, as necessary to enforce the Settlement Agreements entered into by the Parties.

Respectfully submitted this 26th day of August, 2013.

| | |
|---|---|
| ROSENTHAL, LEVY, SIMON & RYLES, P.A.<br>1645 Palm Beach Lakes Blvd., Ste 350<br>West Palm Beach, FL  33401<br>Telephone: (561) 478-2500<br>Facsimile:   (561) 478-3111<br><br>/s/ Yolando Hewling, Esq.<br>Yolando Hewling, Esq.<br>Florida Bar No.: 593818<br>yhewling@orsenthallev.com<br><br>Alan Aronson<br>Florida Bar No.: 895997<br>aaronson@rosenthallev.com<br><br>Counsel for Plaintiffs | LITTLER MENDELSON, P.C.<br>111 North Magnolia Avenue<br>Suite 1250<br>Orlando, Florida 32801-2366<br>Telephone: (407) 393-2900<br>Facsimile:   (407) 393-2929<br><br>Desirée C. Henderson, Esq.<br>Jeffrey B. Jones, Esq.<br>Florida Bar No. 0039950<br>Email:  jbjones@littler.com<br><br>Desirée C. Henderson, Esq.<br>Florida Bar No. 0376190<br>Email:  dhenderson@littler.com<br><br>Counsel for Defendant |

Firmwide:122544085.1 073524.1001